November 17, 1896, IP Company, LLC against Emerson Electric. Mr. Gonzales, Howard. Your Honor, at the outset I would like to say that having had been a judge at the Patent Trial and Appeal Board for three years, that the vast majority of the time they do a very good analysis and their decisions are correct. But I will respectfully argue... It's a good thing this is on tape. I don't have that many friends, so I don't want to... the friends that I do have that are still there, I don't want to lose them. But I do want to very respectfully explain that the Board's claim construction decisions in this case are not correct. And that once the claim construction decisions... that if the claims would have been construed correctly, then the prior art would not have taught the claim limitations. The first one that I want to talk about is the map of data packet transmission paths to a plurality of second nodes of said first network. And that appears in a similar claim about a map of transmission paths. So whether it's data packet transmission paths in Claim 12 or a map of transmission paths in Claim 15, the terms are very similar. Now, the interpretation that the Board gave is that paths... that just one path could meet this claim limitation. And I believe that's improper, because the broadest and reasonable construction of a term ending in an S, like, for example, the claim term paths, would ordinarily be understood as being plural. In fact, at the deposition of Dr. Heppe, I asked him, one of Ordinary School in the Arts, seeing the term paths with an S at the end, would they understand that term to refer to two or more paths? And his answer was, I mean, the word is plural, so the presumption is that it would be more than one path. He went on to say there may be some examples you can come up with that is kind of strange, but most people would recognize the word spelled P-A-T-H-S as plural. If the thing had actually said a map of the existing transmission paths, I don't think I'd have any difficulty, or other people would either, in understanding that that meant whatever transmission paths there are, even if that were only one. I mean, the last step is to say that the phrase map of transmission paths can reasonably be understood to mean map of the existing transmission paths. But it requires, I mean, the whole idea of the patent is to, from start to finish, is to determine, is about a new technique for determining how paths should be chosen and selected. Right, but that's a different point from the word itself, because it has an S on it, mandates that there be more than one of those things. Right, that is a second reason why the board's claim construction is incorrect, because it's inconsistent with the specification. What about the rest of the claim language that talks about, and I understand the board relied on the language like at least one second node, and that there would be a transmission path from the second node to the gateway to be directly from the second node to the gateway, saying that this language in the claim supports the idea that the existing paths might just be one. Well, I think if you look at the claim itself. Like the breadth of the claim itself, in other words, supporting the idea that there's one path. Well, various limitations in the claim would limit it differently. So maybe you would read a portion of it and you would say, well, maybe it covers one path. But as you continue reading and you see the word S at the end of path, then that means there has to be more than one. And also the surrounding claim language talks about how these paths would be selected. For instance, it says, I'm looking at page 109 of the appendix. It says that the transmission path of a second node to the gateway can be directly from the second node to the gateway or indirectly to the gateway through one or more other second nodes of the first network. So even when it's describing the network, it refers not to one of the second nodes of the client nodes. The first node would be the server node. But it doesn't just refer to a network that the surrounding claim language, when it describes the network, it doesn't just refer to a network that has only one client node or only one second node. It's throughout the language of the claim. It's also referring to other second nodes. There's an S at the end. So the claim itself limits the network to not having just one second node, one client node. It also indicates explicitly in the claim language that there are more. The claim requires more than one client node, more than one second node. And in fact, second node appears, second nodes with an S at the end, appears multiple times. Now there was no, although inventors may provide a special definition of a claim term, they must do so with reasonable clarity, deliberateness, and precision. This is the In Ray Paulson case that I cited in my brief. Now there's nowhere in the 3.14 patent where the inventor provided a special definition of the word paths with an S at the end to mean that it's simply singular. The surrounding claim language in claim 15 recites that the digital controller dynamically updating the map of transmission paths, adding and removing second nodes. Again, second node is the client node, it's plural. The claim is requiring a network that has more than one node. It requires, it uses the plural form of second nodes, it requires more than one. And then it says changing the transmission paths of the at least one second node to optimize the transmission paths. Over and over and over again, it's referring to path in its plural form. Claim 15 also recites said digital controller changes the transmission paths from second nodes to optimize the transmission path. Their second nodes meaning there's more than one client node. Transmission paths with an S at the end means there's more than one transmission path. Emerson's argument that the board's claim construction is supported by the specification is also without merit and it's not supported by any expert testimony. The various portions of figure two that the petitioner referenced are not different embodiments. Rather, and this I'm quoting right from the patent, which is at page 99 of the appendix at column six, lines 25 through 28, figures 2A through 2G, 2H prime to 2H double prime, and 2I to 2O, are used to describe a prototype of the wireless network system of figure one, illustrating both the path connection and path optimization process of the present invention. So there the inventor is explaining that the various portions of figure two illustrate different scenarios that are referenced to explain how the claimed connection and optimization processes of the 314 patent work. Indeed, if you look at the portions of figure two that are at 2F, 2H prime, and 2H double prime, there are many paths from the client to the various servers that are in the network. Now, the petitioner did not cite to either of the two declarations or either of the two depositions of expert, Dr. Heppe, to support the argument that petitioner now sets forth in this appeal with respect to figure two. And so the petitioner's position as set forth before this court is based on mere attorney argument, which is given no weight. I cited the In re Geisler case in my brief for that principle. Also, petitioner did not make any argument with respect to a portion of figure two, figure 2B in particular, in any paper that it filed during the inter-parties review before the court, and this court ordinarily declines to consider new arguments that were not considered below. And this case I cited is Israel Bioengineering Project. The petitioner's reference to written description or enabling, I didn't mention either of those two topics that are not at issue in this IPR or in this appeal. The board's view that the claim language includes all of the transmission paths is also inconsistent with how wireless networks work. With wireless networks, you have nodes that are continually entering and leaving the network. So at any one particular time, the map of transmission paths will not contain all the transmission paths that are available in a network because it takes a finite amount of time to do anything. So at the time that the network realizes that there is an additional path through it because an additional node entered the wireless network, to the time that it's recorded in the map of transmission paths, during that time period, the map would not contain each and every transmission path that's in the wireless network. And this was explained in the specification of the 314 patent at column 9, lines 3 to 11, when it indicates that the wireless network system is robust and it will survive the loss of one or more clients in the system. If the client 18A is lost due, for example, to a power or system failure, the data packets of client 18C can be routed through another client and the data packets of 18B can be routed through 18C. So the description and specification of the 314 patent specifically indicates that nodes can be entering and leaving the network. It's very dynamic, so at any one particular time, the map of transmission paths that's recited in the claim will not contain every single transmission path that's in the wireless network. Now, the reason why this error in claim construction is so important is because the board based its obvious determination... Can I just ask you something about what you just said? Is it your view that the patent clearly does not require the map to include or to cover all the transmission paths in the network? Or must it, and there must be more than one such path? Okay, our view is because, for all the reasons I just stated in particular, because path has an S at the end, and throughout the claim, second node, which is the client, has an S at the end. There has to be more than one second node. There has to be more than one path from those plurality of second nodes to the server. So our view is clear that the claim requires multiple, a plurality of transmission paths that are stored in the map. I was also mentioning with respect to the portion of the board's decision that mentioned that it had to contain all of them. Well, it may contain all of them, but it may not. That's not a requirement of the claim. Is there something in the specification that confirms there can be a map that does not cover all of the transmission paths? Yeah, the passage that I just referred to you, which is at column 9, lines 3 to 11, it talks about the dynamic nature of a wireless network. And so, for example, it talks about if the client 18A is lost due, for example, to a power system failure, then the data packets of 18C can be routed through a different client, 18D. So that's an indication of a dynamic nature of wireless networks, that nodes go down. But how does that tell us whether the map has to include all of the transmission paths that there are at any given moment? That's a good question, and I'll explain it. The reason why is because when this happens, and let's say now there's a different path, now that goes through 18D instead of 18A because 18A was lost. So now there's a different transmission path through the wireless network. But it takes a finite amount of time for that difference in the paths to be recorded in the map of transmission paths. So during that finite amount of time, there are paths in the wireless network that are not in the map of transmission paths. But it's just a transition issue. That is, is the system set up so that the map is supposed to be updated periodically? The map will be updated, but at any particular instant of time, the map may not contain every single transmission path that goes through the wireless network. Would it ever be under-inclusive as opposed to over-inclusive? Over-inclusive? Meaning, would there be paths that... It might list some broken paths, but would it... Because, well, I think your logic is perfectly acceptable that there's a broken path and it's still nonetheless in the map of transmission paths, and it takes a finite amount of time to get that path out of there because it's not really a path anymore. You also referred to there being multiple second nodes, and I see that language in claim 12. But I'm correct in understanding in reading claim 15, which is also on appeal differently, right, where it says repeatedly at least one second node. Sure, let me just take 30 seconds and review this. Page 109, Your Honor. Column 26. Line, I believe it's 63 and 64. It says, one or more of other second nodes of the first network. What about the language in line 52 that talks about at least one second node and the subsequent language in column 27, line 1, that says at least one second node? Right. Those particular instances that you referred me to would mean that there has to be one or more, but the instances that I referred you to where it says second node with the S at the end further limits the claim scope to being more than one second node. In fact, I just found another one on column 27, which is at page 110, and it's at line number 11. It refers to fastest second nodes. Again, it has an S at the end. So the decision, obviousness decision, is based upon a construction that's improper and therefore the obviousness decision is also wrong because the board relied upon a special case in con, and this is at 278 of the appendix, of a network that contains only one node. That single node is labeled, and the server as part of that labeling process provides the node with the one and only route in the system. So it's relying upon a teaching in con of only one path to meet a limitation that requires multiple paths to be stored in the map. So for that reason, because they got the claim construction wrong, the obviousness conclusion that it's based upon the fault, the claim construction is also wrong. There's also another error in the board's construction of claim 10. The board erred in construing claim 10 to encompass a client selecting a parent node even though the claims explicitly recite implementing by the server node changes to upgrade the selected transmission path to an optimized transmission path. How about the fact claim preamble that talks about how it's a client node, if I remember that correctly, a client node in a network, so that why wouldn't implementing by the server, why couldn't that reasonably mean implementing via the server with by, and it's plain and ordinary meaning could be by as in action by the server, or it could be by as in via the server, going through the server. I'm sure. Well, first of all, I'll note that the PTAB relied on a dictionary definition for its interpretation of the word by that appears in the claim. That dictionary is dated subsequent to the filing date of the 3.14 patent. So one of ordinary skill neon clearly could not have used that dictionary in order to gain an understanding of how the term by is used. So is your position that the word by had a different meaning at the time of the invention? Yeah, I think in the context of this claim, the word by means the noun following the word by identifies the thing that is doing that function. And if you take a look at claim 10, which is at 109 of the appendix, and it talks about in the preamble, it mentions that there's a client node in a network, but it also mentions that there's a server node having a server radio modem and a server controller, which implements a server process. So the claim doesn't only require a client. It doesn't only say what the client is doing. It requires both the client and a server with the client doing something and the server doing something else. The server process includes controlling this. And you see here further down the claim it says the client node comprising and then there's an indentation. That means that the client node has these two things, a radio modem and a controller. And then it says the client node controller implementing a process, and then it talks about the steps that a client node performs. Toward the end of the claim, it talks about another, the last paragraph of the claim, it talks about another limitation that is performed by the client. It says implementing a process requesting updated radio transmission path data from the server node. And then it says, and in response there too, implementing who's doing this last step, the very last step in the claim, it explicitly tells you who's doing it. It's done by the server node, which changes to upgrade the selected transmission path to an optimized transmission path. So the claim explicitly requires the client to do something and the server node to do other things. And this last limitation in the claim requires the client node to make a request to the server node and the server node to respond to that request by changing or upgrading the selected transmission path to an optimized transmission path. The whole idea of the specification, and the whole idea of this invention, is that it's a more efficient way to do routing to have both the client do some things and the server to do other things. And that's explained throughout the specification. Let's hear from the other side, and we'll save a little rebuttal time. Okay, thank you. May it please the court. Starting with the board's construction of the term map of transmission paths of the first network, the board focused on the fact that it's not any map of transmission paths. It's specifically the map of transmission paths of the first network. And so we have to look at what are the characteristics of the first network that are described in the claim. And as your honor points to, there are two indications that that has to encompass a situation in which the first network has only one second node and that there is one path between the gateway and that node. And that's because at the. Are those two things synonymous? One node, one server, there can only be one path? No? Or might there be more? There are actually two provisions that I think speak to this. The first is that it describes the first network as having at least one second node. So it can be just one. And then with respect to the path, the provision goes on to say that the path can be a direct one from the gateway to the second node. And so it can have just this direct path from the gateway to the second node. And there can be, under the claim's own language, only one second node. So this provision, the map of the transmission of transmission paths of the first network, given the description of the first network in the claim, what is recited by it specifically, it must encompass the situation in which there is only one node and one path from the gateway to that node. And I think a further indication that that is the correct construction comes from the quite distinct phrase that appears in Claim 12. I know Council referenced Claim 12 and Claim 15 as though they had the same term. They don't. Claim 12 says map of transmission paths to a plurality of second nodes of the first network. Claim 15 omits that phrase to a plurality of second nodes. And it does so because Claim 15 specifies that the first network may have only one second node. And under this court's precedent, in light of the choice of different language in these two claims, the court has to give effect to that. And so the map in Claim 15 has to be construed to encompass a map, a situation where the first network has only one second node and a direct path from the gateway to that second node. Although Council references Figure 2B and our reliance on it, I want to be clear that we cited in our brief, Figure 2B, only to rebut a statement in the patent owner's brief at page 27 that, quote, there isn't a single example in the specification of a transmission map having only one path. And yet, Figure 2B describes a situation in which you have one server, 14, and one second node, 5, and a path between the two. So we are not relying on it. The board didn't rely on it. We're just using that to push back from an assertion by the patent owner that somehow this construction is inconsistent with the specification and the figures. But the board correctly relied on the language of the claim itself, the contrast between the language of Claim 12 and Claim 15, and it reached the correct construction. Whether the map has to include all of the paths really isn't at issue in this case. We noted that the references in the specification to maps include maps that include all of the links. For example, at Appendix 99, there's a reference to the controller maintains a map of the links of the first network, and that by maintaining a map of the links of the first network, reference seemingly to all of them. A little clearer, perhaps, reference at Appendix 107, Column 22, and this is lines 19 to 24 where there's a reference to the server providing, quote, the complete tree. The complete tree certainly supports the inclusion of all. But, again, all really isn't what's at stake here. What's at stake here was a subsidiary construction that the board adopted, which was that the map of transmission paths of the first network had to encompass that circumstance in which there was only one second node and one map to it. I suppose it's evident. The reason I was interested in the question is you have one point or set of points about indications in the claim language other than the language that we're defining here that there can be systems in which there's just one node. Putting that aside, there's a question, is there one ordinary English understanding of map of transmission paths that would naturally itself encompass the single node system? And the one that I thought of was map of the existing transmission paths, by which I mean all of them. And so it's at least interesting to me to know whether the spec makes more or less clear, as I think the institution decision may have said, the board didn't quite repeat, but that you assert in your red brief whether this phrase means a map of all of the transmission paths because it gives one kind of ordinary language interpretation that would help you. As I said, there are certainly indications in the specification that seem to suggest that the map has to include all of the paths, including the one I referenced about the complete tree. I don't think that the reference to column nine that counsel made during argument defeats that. It doesn't mention the maps, it simply talks about the system being dynamic, which is not inconsistent with the map being comprehensive. And so I think that you're right to think that one understanding of paths is not that it is necessarily always in every instance plural, but rather when it's map of paths of the network, it's whatever paths there are in the network are in the map, and when that network has one path, that's the map. And that's what the board found, and that's consistent, again, with not only the specific reference to the fact that the first network includes at least one second node, which means that it could be just one, but also immediately following the reference to the map of transmission paths of the first network, being that there can be a direct path from the gateway to a second node. With respect to claim 10, the board relied on, and I think correctly, the structure and context of claim 10, and the fact that the phrase about implementing by the server node changes to upgrade the selected transmission path appears at the end of a list of things that the client node controller is doing. The client node controller is implementing a process. The client node controller is selecting a path. The client node controller is implementing a process to request updated transmission path data, and then the client node controller is implementing by the server node changes to upgrade the selected transmission path. That structure is repeated, as I say, four times. The subject or actor, the client node controller, followed by Jarend, and then what? It is a little odd in the claim that it says the client node controller implementing, and then the next phrase is selecting, and then the next phrase is implementing, but it's not expressly stated what the actor is for selecting and implementing. That's true, and yet there's no dispute. The patent owner, even during his oral argument today, acknowledged that with respect to the first three of those, it is the client node controller that's doing all of them, the implementing, the selecting, the implementing. It's only when we get to the fourth that the patent owner wants to switch and say, no, now it's the server node that's doing the implementing. And the one thing about the structure of this that might weigh in that direction is the fact that that implementing word is not broken out in a separate little indent. It's not, but I don't think that that suggests that we've now changed to another actor. I think Judge Toronto is suggesting that that favors your position. Oh, I thought he was suggesting it went the other way. Whatever. It doesn't seem to me that it favors either necessarily. It's just that we have the structure of client node controller and then the four gerunds without any new subject coming in. What about the preamble? The preamble does... Does the phrase including a server node, does that modify in a network, or does it modify a client node? Let me get the language here, Your Honor. The network has a server node, and the server node has these characteristics, and that's not disputed, and there is a server node referred to in the final passage. Because one of the steps that the client node controller undertakes is making a request for updated radio transmission path data to the server node. What counsel does with that language is suggest that the client node controller is asking for the server node to update the transmission path. But that's not what it says. It says the client node controller is implementing a process requesting updated radio transmission path data from the server node. When it says in response thereto, it's not in response to a request to update the path, it's in response to the updated transmission path data that the server has provided that the client node implements by the server node the changes to upgrade the selected transmission path. That use of the word by, which a patent owner suggests is somehow strange and unusual, isn't at all. Your Honor equated it with via, or through, and that's the construction that the board gave it. Even the definition... It may be right, even if it's a little strange. What's that? It may be right, even if it's a little strange. Well, Your Honor, they cite to a dictionary definition that they say supports them that killed by a bullet. But in that instance, the bullet is not the agent. The agent is the shooter. The bullet is the means by which the killing is done. And here, the agent is... It's getting a lot more interesting than I... Well, I'm just saying that the example that they choose doesn't prove their point. The agent here is the client node controller, and it's accomplishing this by the server, meaning through it, the means. It's using it. It's helping, as the board said. And that's supported. Moreover, the specification in several places, including column 11 and column 8, reflect instances where the client node is the one updating the path. With the help of the server, the server may validate that, may reflect that changed, updated path in the map or tree. But it's only after the client has updated the path. And that is... If I could point you to these provisions. Column 1157, it's talking about client 7. Client 7 finds a shorter route to server 26. Client 7 informs server 14 to drop client 7 from server 14's routing table. And client 7 informs server 26 to add client 7 to its routing table. So the client is the one updating the path. At column 8, lines 44 to 53, client C will note that client 18 has less hops to server 16 than client 18B. And will switch its link from client 18B to client 18D. This process is part of optimization process of the network 10. So again, the client is noting that there is a better route and making a change to effectuate that. The server in each of these instances can have a role to play. But it does not require that the server be the one to update the path. That's inconsistent with what the specification provides. I'm just going to check my notes if there was anything else I wanted to... I think, Your Honor, unless there are other questions. Any more questions, Mr. Hall? Thank you, Mr. Hall. Thank you, Your Honor. On the last point with respect to the... Just a brief rebuttal, I think, for what you need to tell us. Sure, I'll be very quick. On the last question involving the construction of Claim 10, I refer you to figure 6 of the patent, which is at page 77 of the appendix. And it's consistent with the construction that I gave you before, step number 132. This whole thing about figure 6 is what's done at the server. The server receives a client request for a network tree. And at step number 134, the server places the network tree in the client's transmit buffer to send to the client. Now, the reason why this all works so well, this particular routing algorithm, is because the server has knowledge of what's going on in the entire network. Each of the client has knowledge of what's going on in its vicinity. And the beauty of this claimed routing algorithm is that it uses both. So in Claim 10, when it's saying that certain things are done by the client and certain things are done by the server, in the last step it says that the client is requesting updated radio transmission path data from the server node. And then the server, as indicated in step number 134 of figure 6, then sends that updated and optimized transmission path to the client. So the claim language is consistent with the specification. And I'll also note, with respect to the claim construction of the term paths with an S at the end, if you look at page 267 of the joint appendix, which includes the institution decision, the board, when it instituted, said as follows, the third line down, thus on this record, the most logical reading of this language, referring to the language transmission paths with an S at the end, is that the map contains more than one path. So just to summarize, Claim 15, second nodes has an S at the end. That means there's more than one of them. Transmission paths has an S at the end. That means there has to be more than one of them in the map. What they referred to in the prior art of Kahn, having only one transmission path, can't possibly meet this claim limitations of Claim 15. With respect to Claim 10, it's clear from the claim and the specification, client's doing stuff, server's doing stuff. In Meyer, the reference that they asserted against Claim 10, as I indicated in my brief, only the client is picking the node that it wants to attach to. The server does not determine what node or what path the client attaches to. The claim, Claim 10, requires two different things. It requires a selection of a path, of an entire path, and it's done by the server of an optimized path. Claim 10, the explicit language requires two things. It requires selection of a path, and it also says what does the selection of the optimized path. Meyer doesn't meet either one of those because in Meyer, the client, not the server, is selecting a node and not an entire path. Unless there are any questions. No questions. Thank you. Thank you both. The case is taken under submission.